RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/18/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JORGE ABOYTOS MENDOZA,<br>Petitioner | CIVIL ACTION<br>SECTION "P"<br>1:11-CV-00401 |
| VERSUS | |
| W.A. SHERROD, WARDEN,<br>Respondent | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Jorge Aboytos Mendoza ("Mendoza") on March 11, 2011. Mendoza is contesting the Bureau of Prison's ("BOP") calculation of his sixty month sentence, imposed pursuant to a guilty plea in August 2005 in the Eastern District of Texas, on one count of possession of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c). Mendoza is presently confined in the United States Penitentiary in Pollock, Louisiana ("USP-Pollock").

Mendoza contends in his habeas petition that the BOP erred in executing his federal sentence consecutive to his subsequently-imposed state sentence, in contravention of the verbal pronouncement of the federal sentencing judge. The Respondent filed an answer (Doc. 8), to which Mendoza has replied (Doc. 17). Mendoza's habeas petition is now before the court for disposition.

### Law and Analysis

According to the government's brief (Doc. 8), which Mendoza

has not disputed, Mendoza was arrested by the State of Texas on November 23, 2004, released on bond, and rearrested on January 29, 2005, both times on drug charges. On February 15, 2005, Mendoza was taken into federal custody by the U.S. Marshal's Service, convicted in the United States District Court for the Eastern District of Texas on one count of possession of a firearm during and in relation to a drug trafficking crime, and sentenced on August 4, 2005 to sixty months imprisonment. Mendoza was returned to Texas and, on October 24, 2005 and February 26, 2006, was sentenced to two consecutive eight year terms of imprisonment. With credit for time already served (Doc. 8, Ex. p. 6/8, Att. 2 p. 7/20, Att. 3 pp. 9-10/20), Mendoza was released on parole from the State of Texas on August 28, 2006 and was arrested on October 10, 2006 by the U.S. Marshal's Service for service of his federal sentence. On July 28, 2008, Mendoza was sentenced to an additional twelve months imprisonment for possession of contraband in a federal prison. (See Doc. 8.)

According to the Bureau of Prisons, Mendoza's projected release date from federal prison is February 6, 2012 (Doc. 8, Att. 1, p. 5/20).

Mendoza contends in his petition that he was sentenced by the federal district judge to a term of sixty months (on the firearm count), to run consecutively to any other federal sentence and, to the extent the State court desired, concurrent with any later

imposed state sentence, with a recommendation that Mendoza receive credit for time served from January 29, 2005. Mendoza has provided an affidavit from his Texas criminal defense attorney stating it was the intent of the federal judge that Mendoza begin to serve his federal sentence immediately and that it be served concurrently with any state sentence (Doc. 2). Mendoza argues that, taking into account his good time credit, he should have been released from federal prison on March 21, 2010 (Doc. 1).

The August 4, 2005 transcript of Mendoza's federal sentencing shows the sentencing judge stated (Doc. 14, Tr. p. 13):

> "And therefore, pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Jorge Aboytos Mendoza, is hereby committed to the custody of [sic] Bureau of Prisons for a term of 60 months consecutive to any other term of imprisonment as to Count 2 of the indictment."

It is clear that the sentencing judge did not include the language alleged by Mendoza, that his sentence run "concurrent with any later imposed state sentence." Therefore, Mendoza's argument that, the BOP erred in failing to calculate his federal sentence to run concurrent with his later imposed state sentence as ordered by the federal judge, is based on an error of fact. The federal judge clearly intended his federal sentence to run consecutive to *any* other sentence, as stated. Therefore, the Bureau of Prisons did not abuse its discretion in beginning Mendoza's federal sentence after he was released on parole for his state sentence.

It is noted that there was a discussion at Mendoza's federal

sentencing about whether Mendoza would get credit for time already served on his federal or state sentence, and the federal judge attempted to ensure he would get credit on his federal sentence by stating that, when Mendoza was arrested by Texas state authorities on January 29, 2005, the arrest was made pursuant to a federal warrant (Doc. 14, Tr. p. 6). However, Section 18 U.S.C. § 3585(b) states:

> (b) Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

The Supreme Court has held that a district court cannot apply Section 3585(b) at sentencing. A district court is without authority to give an inmate credit for time already served or to otherwise administer his sentence. Instead, that authority lies with the United States Attorney General and is delegated to the BOP. U.S. v. Wilson, 503 U.S. 229, 112 S.Ct. 1351, 1353 (1992). Therefore, the federal sentencing judge erred in attempting to apply Section 3585(b) in Mendoza's case. The BOP did not abuse its discretion in not awarding Mendoza credit on his federal sentence for time already served, for which he had already received credit on his state sentences.

Since Mendoza's argument lacks a basis in either law or fact,

4

this ground for relief is meritless.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Mendoza's habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District

Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in Alexandria, Louisiana on the 15th day of July 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE